Lyman NELSON, Appellant,

v.

T. S. CONYERS' ADMINISTRATRIX
(Lillian Conyers), Appellee.

Court of Appeals of Kentucky.

March 23, 1956.

Waller, Threlkeld & Whitlow, Paducah, for appellant.

Reed & Hines, Paducah, for appellee.

MILLIKEN, Chief Justice.

Appellant, Lyman Nelson, and State Farm Mutual Insurance Company, appellant's liability insurance carrier, were defendants below and will be hereinafter referred to as "Nelson" and "Insurance Company," respectively. Appellee was plaintiff below and will be hereinafter referred to as "Conyers." Suit was originally brought by T. S. Conyers, d/b/a City Cab Company, but T. S. Conyers died intestate and his

widow, Lillian Conyers, qualified as administratrix and the action was revived in her name.

This suit arose out of a daylight collision between Conyers' taxicab and Nelson's automobile at an unmarked intersection in Paducah, Kentucky, on September 1, 1951. Conyers' taxicab would not start and Conyers was pushing it with his personal car to try to get the cab started. Robert Watson, Conyers' mechanic, was in the driver's seat of the disabled cab. Fred Bush, Conyers' regular driver of the cab, had relinquished the driver's seat to Watson and was riding in the front seat beside the mechanic. As Conyers pushed the cab south on Seventh Street toward the Seventh Street-Harrison Street unmarked intersection, Nelson was driving his automobile east on Harrison Street also approaching the intersection. Conyers quit pushing the cab near the intersection, and it coasted into the intersection at a speed of about twenty miles per hour. The collision between the cab and Nelson's car occurred in the southwest quadrant of the intersection.

Suit was brought by Conyers against Nelson for $1,200 for damages to the cab and against the Insurance Company for $1,000 on its asserted oral agreement to pay Conyers that much for damage to the cab if he would desist from suit until the personal injury claim of Bush, Conyers' regular driver, against Nelson was settled. Nelson counterclaimed against Conyers for damages to his car.

The Insurance Company was named a party defendant in Conyers' complaint and relief sought against it, apparently in the alternative, upon the following facts: Shortly after the accident and before suit, an adjuster for Nelson's insurance carrier met with Conyers and Conyers' attorney, Reed, and discussed a settlement for damages to Conyers' cab. Conyers and Reed testified the adjuster agreed to pay Conyers $1,000 as soon as the personal injury claim of Bush was settled; that after the personal injury claim was settled, the adjuster refused to pay them anything despite his alleged previous oral agreement. The adjuster testified he never agreed to pay any amount in settlement of Conyers' claim.

Over the objections of both defendants, the action against Nelson for negligence and the action against the Insurance Company on its alleged oral agreement were tried together and the testimony concerning the settlement agreement was interwoven with the testimony concerning the negligence of the parties. The jury found for Conyers against Nelson in the sum of $1,200 on the negligence claim, but found in favor of the Insurance Company on the alleged oral agreement. Nelson has appealed.

The major question in the case is whether the trial court erred in overruling the defendants' motions for separate trials and in allowing these two claims against two separate defendants to be tried together. CR 20.01 allows joinder of defendants in one action as follows: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

 Assuming Conyers' claims arise out of the same occurrence or transaction, we do not believe they involve common questions of law and fact sufficient to permit their joinder. The claim against Nelson revolves around the question of whose negligence caused the collision and whether there was contributory negligence. The claim against the Insurance Company turns on whether there was an oral agreement on which suit can be maintained.

Because of the improper joinder, the judgment is reversed for proceedings consistent with this opinion.